UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| MARY MILLION on behalf of herself and others similarly situated, | |
| Plaintiff, | Case No. 3:24-cv-03357-SEM-EIL |
| v. | Honorable Sue E. Myerscough |
| HOSPITAL SISTERS HEALTH SYSTEM and ST. FRANCIS HOSPITAL, OF THE HOSPITAL SISTERS OF THE THIRD ORDER OF ST. FRANCIS, | Magistrate Judge Eric I. Long |
| Defendants. | |

**DEFENDANTS' REPLY IN SUPPORT OF ITS MOTION TO DISMISS**

Defendants Hospital Sisters Health System and St. Francis Hospital, of the Hospital Sisters of the Third Order of St. Francis ("Defendants"), by and through their attorneys, LEWIS BRISBOIS BISGAARD & SMITH LLP, and for its Reply in Support of its Motion Dismiss, states as follows:

## I.     INTRODUCTION

In her Response in Opposition to Defendants' Motion to Dismiss, Plaintiff's reliance on cases in the Northern District of Illinois – none of which are binding on this Court – are distinguishable and do not rescue the Complaint from its failure to state a plausible claim for relief. Further, Plaintiff relies on an overly broad interpretation of the Genetic Information Privacy Act ("GIPA"), 410 ILCS 513/1 et seq., arguing that any inquiry into family medical history, regardless of context or specificity, constitutes a violation. This interpretation mischaracterizes the plain language of the statute. Accordingly, the Complaint must be dismissed.

## II.  ARGUMENT

**A. Plaintiff's Reliance on Case Law Outside of this Court is Non-Binding and Distinguishable.**

Plaintiff relies exclusively on decisions from the U.S. District Court for the Northern District of Illinois, none of which are binding on this Court. [See Plaintiff's Response in Opposition to Defendants' Motion to Dismiss, Dkt. No. 20, p. 4]. Moreover, those cases are distinguishable. In each instance, the plaintiffs pled specific facts showing that the employer affirmatively solicited detailed family medical histories in a manner that squarely fell within GIPA's statutory prohibitions. In *Collins,* the plaintiff alleged she was required to undergo a preemployment medical examination where she was *required* to answer questions about her family medical history as a precondition of employment, and Defendants did not instruct the plaintiff to refuse to answer the questions. *Collins*, 2025 WL 552465, at *1 (N.D. Ill. Feb. 19, 2025). The Court concluded that failure to provide the family medical history would preclude the plaintiff from being hired. *Id*. Similarly, in *Ginski, McKnight*, and *Taylor*, the plaintiffs alleged that they were *required* to answer questions about family medical history as a condition of employment. *Ginski*, 2024 WL 4265249, at *1 (N.D. Ill. Sept. 23, 2024); *McKnight*, 2024 WL 3426807, at *1 (N.D. Ill. July 16, 2024); *Taylor*, 2024 WL 3425751, at *1 (N.D. Ill. July 16, 2024). Lastly, in *Henry* and *Branson*, the plaintiffs alleged that they were given a written questionnaire which asked about their family medical history. *Henry*, 2024 WL 4278070, at *2 (N.D. Ill. Sept. 24, 2024); *Branson*, 2024 WL 3823157, at *1 (N.D. Ill. Aug. 14, 2024).

Plaintiff's Complaint includes none of the factual allegations which ultimately led the courts to deny the motions to dismiss. In contrast, Plaintiff here has alleged only that Defendants inquired about certain categories of conditions without providing any further factual detail. There is no allegation of a written questionnaire, a formal process, or any requirement that Plaintiff

disclose detailed family medical information as a condition of employment. Plaintiff's reliance on these distinguishable cases only highlights the deficiencies in the Complaint.

### B. Plaintiff's General Allegations do not Plausibly State a GIPA Violation.

GIPA prohibits employers from requesting or acquiring "genetic information," which is defined in relevant part as information about "the manifestation of a disease or disorder in family members of the individual." 45 CFR § 160.103; *See also* 410 ILCS 513/10 (adopting HIPAA's definition of genetic information). However, the statute requires more than a vague or conclusory assertion that an employer asked about family medical history. The allegations must plausibly show that the information sought falls within the statutory definition of "genetic information."

Here, Plaintiff offers only generalized allegations that she was asked questions such as whether "heart disease, asthma, or psychological conditions" existed in her family. [ Dkt. No. 1, ¶ 34.] The Complaint fails to state in what context they were asked, whether the responses were required or recorded, or whether the inquiries were connected in any way to employment decisions. *See Bridges v. Blackstone, Inc.*, 66 F.4th 687, 690 (7th Cir. 2023)  (Seventh Circuit upholding district court's dismissal of class action GIPA claim when the complaint failed to allege that the defendant *compelled* disclosure of genetic information). Such threadbare allegations, devoid of factual context, are insufficient to state a claim upon which relief can be granted.

### C. Plaintiff's Interpretation Would Sweep Far Beyond GIPA's Text and Purpose.

Plaintiff's position – that any mention or inquiry about family medical history constitutes a per se GIPA violation – ignores the statutory requirement that the information be both "genetic" and "requested or acquired" to be in violation of the Act. It would improperly transform even casual or non-actionable inquiries into statutory violations, untethered from the legislative intent or the practical realities of pre-employment medical evaluations. GIPA is not a strict liability

statute for any mention of family medical history. The statute targets the inappropriate collection and use of genetic information, not every generalized question with tangential connection to familial health.

In the Complaint, Plaintiff only alleges that she was required to undergo a medical examination as part of her application process, and that during the examination, she was asked questions about her family's medical history. [Dkt. No. 1, at ¶¶33-34]. She does not allege, however, that the information was improperly used, stored or required as a condition of hiring in violation of the statute. The Complaint fails to allege that Defendants requested, required, or purchased genetic information in a way that violates GIPA. *See* 410 ILCS 513/25(c)(1).

For these reasons and those set forth in Defendants' Motion to Dismiss, Plaintiff has failed to state a claim under GIPA. Accordingly, the Complaint must be dismissed with prejudice.

WHEREFORE, Defendants, Hospital Sisters Health System and St. Fransis Hospital, of the Hospital Sisters of the Third Order of St. Francis, respectfully request that the Court dismiss Plaintiff's Class Action Complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6), and grant such other relief as is just and proper.

Dated: April 21, 2025                    Respectfully submitted,

/s/ Cameron T. Liljestrand
Mary A. Smigielski, ARDC No. 6243913
Mark W. Guest, ARDC No. 6299923
Cameron T. Liljestrand, ARDC No. 6336262
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
550 West Adams Street, Suite 300
Chicago, Illinois 60661
T (312) 345-1718/F (312) 345-1778
Mary.Smigielski@lewisbrisbois.com
Mark.Guest@lewisbrisbois.com
Cameron.Liljestrand@lewisbrisbois.com
***Attorneys for Defendants***

**CERTIFICATE OF SERVICE**

I hereby certify that a true and complete copy of the foregoing document was filed with the Clerk of the Court using the Court's CM/ECF system on this 21st day of April 2025, which will send electronic notification to the attorneys of records at the email addresses on file with the Court.

<em>s/ Cameron T. Liljestrand</em>