IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| MARY MILLION, on behalf of herself and all other persons similarly situated, known and unknown,<br><br>    Plaintiff,<br><br>v.<br><br>HOSPITAL SISTERS HEALTH SYSTEM and ST. FRANCIS HOSPITAL, OF THE HOSPITAL SISTERS OF THE THIRD ORDER OF ST. FRANCIS,<br><br>    Defendant. | Case No. 24-cv-3357 |

**OPINION AND ORDER**

This matter is before the Court on Defendants' Motion to Dismiss and Memorandum in Support (d/e 14, 15). Plaintiff Mary Million's Complaint (d/e 19) states a claim upon which relief can be granted under the Illinois Genetic Information Privacy Act (GIPA), 410 ILCS 513/1, *et seq.*, so Defendants' Motion (d/e 14) is DENIED.

**I. BACKGROUND**

On December 19, 2024, Plaintiff Mary Million, individually and on behalf of those similarly situated, filed a one-Count Class Action

Complaint in this court, asserting she was required to undergo a preemployment medical screening and answer questions regarding family history of illnesses, in a manner that violated the Illinois Genetic Information Privacy Act (GIPA), 410 ILCS 513/1, *et seq. See* d/e 1, ¶¶ 28-35.

On February 28, 2025, Defendants Hospital Sisters Health System and St. Francis Hospital, of the Hospital Sisters of the Third Order of St. Francis ("Defendants") moved to dismiss the sole count of Plaintiff's Complaint for failure to plausibly state a claim upon which relief can be granted pursuant to Federal Rule 12(b)(6). *See* d/e 14, 15. On March 31, 2025, Plaintiff filed her Response. *See* d/e 20. On April 21, 2025, Defendants filed their reply. *See* d/e 25.

## II.   JURISDICTION

The Court has subject matter jurisdiction under 28 U.S.C. § 1332(d)(2)(A) because the matter in controversy exceeds $5 million, exclusive of interest and costs, and is a class action in which some members of the class are citizens of different states than the Defendants. (d/e 1, ¶¶ 11-12).

### III. LEGAL STANDARD

Defendants have moved to dismiss Plaintiff's Amended Complaint (d/e 14, 15) under Rule 12(b)(6) of the Federal Rules of Civil Procedure. A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint. *Christensen v. Cty. of Boone,* 483 F.3d 454, 458 (7th Cir. 2007). A complaint must contain "a short and plain statement of the claim showing the pleader is entitled to relief" that puts the defendant on notice of the allegations. *Higgs v. Carver,* 286 F.3d 437, 439 (7th Cir. 2002) (quoting Fed. R. Civ. P. 8(a)(2)). The court accepts all well-pleaded facts alleged and draws all possible inferences in the plaintiff's favor. *Tamayo v. Blagojevich,* 526 F.3d 1074, 1081 (7th Cir. 2008).

The complaint must put forth plausible grounds to demonstrate a claim for relief. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). A plausible claim is one from which the court is able to draw reasonable inferences that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal,* 556 U.S. 662, 663 (2009). Additionally, the complaint must raise a reasonable expectation that discovery will reveal evidence of liability. *Id.* at 663; *Twombly,* 550 U.S. at 545. A

complaint merely reciting a cause of action or conclusory legal statements without support is insufficient. *Iqbal*, 556 U.S. at 663.

## IV. FACTS

The following facts are taken from Plaintiff's Complaint (d/e 1) and are accepted as true at the motion to dismiss stage. *Bible v. United Student Aid Funds, Inc.*, 799 F.3d 633, 639 (7th Cir. 2015).

Defendant Hospital Sisters Health System ("HSHS") is a healthcare system that operates a network of fifteen hospitals and various other healthcare facilities throughout the Midwest, including in Illinois. St. Francis Hospital ("St. Francis"), located in Litchfield, Illinois, is one of the hospitals in the system. d/e 1, ¶ 1. As part of its hiring process, HSHS requires potential employees to submit to a preemployment medical examination. d/e 1, ¶ 27. This medical examination is conducted by an HSHS employee. d/e 1, ¶ 26. During the medical examination, questions are asked, and employees are required, to disclose information concerning family medical histories. d/e 1, ¶ 28.

In June 2022, Plaintiff applied for a job with Defendants for employment at St. Francis in Litchfield, Illinois. d/e 1, ¶ 32. During the application process, Plaintiff was required to submit to an in-

person medical examination at Priority Care in Springfield, Illinois. d/e 1, ¶ 33. Priority Care is owned and operated by HSHS. *Id.* During this medical examination, Plaintiff was asked questions about her family's medical history. Specifically, Defendants, through an HSHS employee, inquired whether there was a history of heart disease, asthma, or psychological conditions in Plaintiff's family. d/e 1, ¶ 34. Plaintiff answered these questions during the required medical exam, was thereafter hired by HSHS, and worked at St. Francis. d/e 1, ¶¶ 35, 36.

## V.  ANALYSIS

Plaintiff alleges that Defendants violated 410 ILCS 513/25 of GIPA which does not allow an employer, directly or indirectly, to "solicit, request, require or purchase genetic testing or genetic information of a person or a family member of the person, or administer a genetic test or a person or a family member of the person as a condition of employment, preemployment application, labor organization membership, or licensure." 410 ILCS 513/25.

Defendants argue dismissal is appropriate because Plaintiff has failed to state a claim pursuant to Federal Rule 12(b)(6) as the complaint is devoid of allegations that fall within the plain language

of GIPA. Additionally, Defendants argue Plaintiff fails to allege facts showing conduct to support intentional or reckless violations. The Court addresses each argument in turn.

### A. Plaintiff has stated a claim under GIPA and this case will proceed.

Defendants argue that the generic family medical history questions asked by the Defendants does not constitute "genetic information" protected by GIPA. Defendants further argues that Plaintiff fails to allege facts indicating intentional or reckless violations of GIPA by the Defendants. This Court disagrees.

### B. Plaintiff sufficiently alleges that Defendants' questions as to family medical history solicited genetic information as a condition of his employment under GIPA.

Defendants argue Plaintiff's Complaint fails to state a claim for relief under GIPA. Defendants argue that Plaintiff's allegations fall short of properly alleging that the "routine" medical questions asked at the preemployment medical appointment meet the definition of "genetic information" as defined by GIPA. GIPA regulates the use, disclosure, and acquisition of genetic information. d/e 15; 410 ILCS 513/2. GIPA incorporates HIPAA and its various definitions, as well

as protections from the federal Genetic Information Nondiscrimination Act ("GINA"). 410 ILCS 513/25(a).

In this matter, what genetic information an employer may request from an individual who is seeking employment is at issue. Section 25(c)(1) precludes an employer from actions which directly or indirectly "solicit, request, require…genetic information of a person or a family member of a person…as a condition of employment, preemployment application, labor organization membership, or licensure."  410 ILCS 513/25(c)(1).

Defendants argue Plaintiff failed to allege any requirement to answer the family medical questions and that the questions themselves, aimed at knowledge of family medical history, are not genetic information. GIPA adopts the same definition of genetic information as HIPAA. "Genetic information" is defined as:

> "(i) the individual's genetic tests; (ii) the genetic tests of family members of the individual; (iii) the manifestation of a disease or disorder in family members of such individual; or (iv) any request for, or receipt of, genetic services, or participation in clinical research which includes generic services, by the individual or any family member of the individual." See 410 ILCS 513/10; 45 C.F.R. ¶ 1660.103.

Defendants acknowledge that there is no binding precedent on this Court specifying what "genetic information" includes. In support,

Defendants provide various cases, most of which are not within the Seventh Circuit precedent, for support. This Court recognizes that other courts in Florida, Connecticut, Texas, and Louisiana have found that some family history questions do not fall within their relevant statute, but these cases do not analyze GIPA. The Court finds these cases unpersuasive. (d/e 14).

In *Baum v. Dunmire Property Management, Inc.,* a district court in Colorado granted a defendant's motion to dismiss on the same grounds an employer's questions about whether plaintiff's family member had been diagnosed with COVID-19 did not violate GINA. *Baum v. Dunmire Prop. Mgmt., Inc.*, No. 21-CV-00964, 2022 U.S. Dist. LEXIS 54555, at *1-2 (D. Colo. Mar. 25, 2022). The court noted that testing positive for COVID-19 was not the type of genetic information contemplated by GINA, because it was not a disease caused by a genetic disposition. *Id.* at *7.

Here, Plaintiff alleges she applied for a job with the Defendants, she had to submit to a mandatory medical examination by a current HSHS employee, and the exam included questions about her genetic information. *See* d/e 1, pp. 6-7, 11-13. Plaintiff was not informed that information about her family history was genetic information, or

that she could refuse to answer these questions about such genetic information. *Id.* Plaintiff was asked about heart disease, psychological disorders and asthma. *Id.* These questions involve a clear report of the manifestation of a disease or disorder in a family member, which is clearly specified in GIPA through its adaptation of HIPAA's definitions. *See Henry v. Abbvie, Inc.*, No. 23-CV-16830, 2024 U.S. Dist. LEXIS 172287, at *15 (N.D. Ill. Sept. 24, 2024). ("A family history of cardiac health, cancer, or diabetes is a report of the manifestation of a disease in a family member and falls under GIPA's protections").

In *Henry*, a district court faced similar facts to the case before this court. The plaintiff in *Henry* applied to work for the defendant in his case. *Id.* at *1. During plaintiff's employment application process, he received a conditional offer requiring him to complete a preemployment physical examination where he was asked about his family medical history of certain conditions. *Id.* The plaintiff also completed a questionnaire that asked similar questions. The district court denied defendant's motion to dismiss plaintiff Henry's

complaint, finding he adequately stated a claim to proceed on his GIPA class action complaint. *Id.* at *23.

Defendants argue this Court is not required to follow the holding in *Henry* or the other district court cases in this Circuit. However, the analysis is applicable here and the cases cited by the Defendants in opposition are almost identical to that of the defendant in *Henry.* GIPA's text and the adaptation of the definition of genetic information plainly include the "manifestation of a disease or disorder" of family members as information an employer may not solicit or inquire about. Further, GINA, a federal statute also incorporated into GIPA, defines the term "family medical history" as "information about the manifestation of disease or disorder" in family members. 29 C.F.R. § 1635.3(b).

The *Henry* court is not alone in this Circuit. Other district courts have denied motions to dismiss, finding questions during a preemployment screening about an individual's family medical history are genetic information and support a GIPA claim. *See Collins v. NTN Bearing Corp. of Am. NTN USA Corp.*, No. 24-CV-6726, 2025 U.S. Dist. LEXIS 29354, (N.D. Ill. Feb. 15, 2025) (denying defendant's motion to dismiss GIPA claim considering a preemployment physical

examination where third-party medical provider asked questions about family medical history); *See Ginski v. Ethos Seafood Grp., LLC*, 24-CV-16402, 2024 U.S. Dist. LEXIS 171159, (N.D. Ill. Sep. 23, 2024) (denying defendant's motion to dismiss as questions about family medical history of high blood pressure, cancer, and heart disease qualify as genetic information under GIPA, as they might suggest Plaintiff's own predispositions). *See also Branson v. Caterpillar, Inc.*, 23-CV-14329, 2024 U.S. Dist. LEXIS 144688, at *5-13 (N.D. Ill. Aug. 14, 2024); *Taylor v. Union Pac. R.R. Co.,* 23-CV-16404, 2024 U.S. Dist. LEXIS 124952, at *9-15 (N.D. Ill. July 16, 2024).

At this stage, the Court must make all reasonable inferences in Plaintiff's favor. Plaintiff was required to undergo a preemployment medical examination as a condition of her employment, genetic information concerning the manifestation of diseases or disorders of family members was solicited from her during this appointment, and Plaintiff was not informed she could choose not to answer. Therefore, Plaintiff has pled with enough specificity to survive Defendants'

motion to dismiss at this stage as her claim falls within the scope of GIPA.

### C. Plaintiff sufficiently pled Defendants' allegedly intentional or reckless conduct.

Defendants argue this Court should strike Plaintiff's complaint as she has failed to allege facts sufficient to show Defendants' alleged conduct was intentional or reckless. d/e 14, pp. 9-11. In support, Defendants provide district court holdings from another strict liability statute, the Illinois Biometric Information Privacy Act ("BIPA"). Defendants argue that, while states of mind can be alleged generally under Federal Rule 9(b), a plaintiff must point to details sufficient to render a claim plausible. d/e 14, p. 10; (citing *Kukovec v. Estee Lauder Co., Inc.,* 2022 WL 16744196 (N.D. Ill. Nov. 7, 2022). In opposition, Plaintiff argues that other district courts have found it inappropriate to dismiss a plaintiff's demand for heightened damages at the pleading stage if the complaint contains sufficient facts to state an underlying claim. d/e 20, p. 9.

At this stage, the Court views the evidence in the light most favorable to the Plaintiff. Although Defendants argue, and Plaintiff seemingly does not contest, that Rule 9(b) applies, Plaintiff has met

her burden at this early stage. Plaintiff provides the specific actions she believes Defendants took in violating GIPA and the specific states of mind to accompany said violations.

Plaintiff's complaint provides that: Defendants are employers in the state of Illinois, Defendants require that potential employees have a preemployment medical examination by other HSHS medical staff, and Defendants ask individuals seeking employment about their family medical history at preemployment medical examinations, all in violation of GIPA. d/e 15, ¶¶ 23, 26, 30, 51, 54.  Further, Plaintiff alleges Defendants took all these actions purposefully to specifically acquire family medical information as a condition of employment. d/e 15, ¶ 56. Additionally, Plaintiff argues, given Defendants status as sophisticated corporate entities, the Defendants knew or should have known the family history questions asked were violations of GIPA, but asked anyway. d/e 15, ¶ 58. These allegations are enough to survive the motion to dismiss stage as they indicate the specific state of mind held by Defendants and facts plausible to support such contentions.

### VI.  CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss (d/e 14) is DENIED.

**ENTERED: MAY 15, 2025.**

**FOR THE COURT:**

*/s/ Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**