IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
AT SPRINGFIELD

| | |
|---|---|
| MARY MILLION on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HOSPITAL SISTERS HEALTH SYSTEM and ST. FRANCIS HOSPITAL, OF THE HOSPITAL SISTERS OF THE THIRD ORDER OF ST. FRANCIS,<br><br>Defendants. | Case No. 3:24-cv-03357-SEM-DJQ<br><br>Hon. Sue E. Myerscough |

## DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND RULE 11 SANCTIONS

Defendants Hospital Sisters Health System ("HSHS") and St. Francis Hospital, of the Hospital Sisters of the Third Order of St. Francis ("SFH"; collectively, "Defendants") move this Court under Federal Rule of Civil Procedure 12(b)(1) to dismiss this case for lack of subject matter jurisdiction and to sanction Plaintiff Mary Million and her counsel (collectively, "Million") for violations of Federal Rule of Civil Procedure 11.

In support thereof, Defendants state as follows:

1.  Million filed this purported class action in this Court claiming it has jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), and certifying under Federal Rule of Civil Procedure 11(b)(3) that she possessed evidentiary support for the notion that CAFA's jurisdictional prerequisites were met.

2.  Yet, Million's discovery admissions and arguments make clear she lacks competent proof to demonstrate that CAFA jurisdiction exists. Million cannot meet her burden to show, by

a preponderance of evidence, that this lawsuit implicates more than 100 class members with at least one class member who is a citizen of a state diverse from Defendants' citizenship, and that this lawsuit has an amount in controversy that exceeds $5,000,000. Moreover, Million's discovery admissions show that she failed to conduct a *reasonable* Rule 11 pre-filing investigation to file a class action against Defendants.

      3. In support of said Motion, Defendants submit a concurrently filed Memorandum of Law in Support of its Motion to Dismiss for Lack of Subject Matter Jurisdiction and Rule 11 Sanctions and a supporting declaration relating thereto.

      WHEREFORE, for the reasons stated above and in the concurrently filed Memorandum of Law in Support, Defendants respectfully request that the Court dismiss the Complaint for lack of subject matter jurisdiction, award Defendants their just costs pursuant to 28 U.S.C. § 1919, hold Million and her counsel jointly and severally liable for Defendants' attorney's fees for needing to bring this Motion, and sanction Million and her counsel as the Court sees fit.

Dated: August 28, 2025

Respectfully submitted,

**MCDERMOTT WILL & SCHULTE LLP**
By: */s/ Joseph Mulherin*
Joseph Mulherin
Christopher A. Braham (*pro hac vice*)
Jean Edmonds
Alivia Combe-DuQuet
444 West Lake Street, Suite 4000
Chicago, IL 60606
Tel: (312) 372-2000
jmulherin@mwe.com
cbraham@mwe.com
jedmonds@mwe.com
aduquet@mwe.com

*Attorneys for Defendants*