UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| MARY MILLION on behalf of herself and other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HOSPITAL SISTERS HEALTH SYSTEM and ST. FRANCIS HOSPITAL OF THE HOSPITAL SISTERS OF THE THIRD ORDER OF ST. FRANCIS,<br><br>Defendants. | )<br>)<br>)<br>)<br>)  Case No. 3:24-CV-03357-SEM-DJQ<br>)<br>)  Hon. Sue E. Myerscough<br>)<br>)  Mag. Judge Douglas J. Quivey<br>)<br>)<br>)<br>)<br>) |

**MOTION REQUESTING STATUS CONFERENCE**

Plaintiff Mary Million, by and through her undersigned counsel, submits this motion seeking an Order from the Court setting a status conference to discuss the current fact discovery deadline in light of the practical halt of discovery while the Court considers various pending motions. In support of this motion, Plaintiff respectfully states as follows:

1. The current fact discovery deadline in this case is November 30, 2025. *See* ECF No. 17.

2. Plaintiff has filed two motions to compel against Defendants, Hospital Sisters Health System and St. Francis Hospital of the Hospital Sisters of the Third Order of St. Francis ("HSHS") due to HSHS's lack of cooperation in the discovery process.

3. On July 15, 2025, Plaintiff filed a motion to compel HSHS to participate in class discovery. *See* ECF No. 29. That motion is fully briefed. *See* ECF No. 35 (HSHS Response); ECF No. 42 (Plaintiff Reply).

4. On August 18, 2025, Plaintiff filed a motion to compel HSHS to produce ESI information. *See* ECF No. 43. That motion is also fully briefed for the Court. *See* ECF No. 51 (HSHS Response); ECF No. 52 (Plaintiff Reply).

5. HSHS also sought a formal stay of discovery on August 6, 2025. *See* ECF Nos. 37 & 38. That motion is fully briefed for the Court. *See* ECF No. 45 (Plaintiff's Response); ECF No. 47 (HSHS Reply).

6. HSHS also filed a motion to dismiss for lack of jurisdiction and Rule 11 sanctions on August 28, 2025. *See* ECF No. 49 & 50. That motion is fully briefed as well. *See* ECF No. 53 (Plaintiff's Response); ECF No. 54 (HSHS Reply); ECF No. 56 (Plaintiff's Sur-Reply).

7. HSHS has refused to engage in any meaningful discovery or discovery-related conversations with Plaintiff. That refusal extends to production of class discovery, and discussions of ESI-related discovery information (*i.e.*, search terms discussions, proffer of burden associated with Plaintiff's requested ESI searches, and requests for information).

8. HSHS has taken the position that, in light of the pending motions to compel and HSHS's motions to dismiss and to stay discovery, additional discovery prior to the Court's rulings on those motions is not appropriate. HSHS's position has brought this case to a standstill and operates effectively as a discovery stay despite no ruling on its actual motion to stay.

9. Putting aside that HSHS's motion for stay and motion to dismiss and for Rule 11 sanctions lack merit for the reasons contained in Plaintiff's responsive briefing, there is no stay of discovery in this case despite HSHS operating as if the filing of those motions created one.

10. The November 30, 2025, fact discovery deadline therefore looms for Plaintiff. As a result, Plaintiff must either (i) file additional motions to compel to demonstrate diligence in advancing her case and to highlight HSHS's improper unilateral imposition of a discovery stay—

thereby further burdening the Court with more motions on top of the four already pending—or (ii) bring the issues with the current schedule to the Court's attention to be addressed as the Court sees fit.

11. Given HSHS's refusal to engage in critical, basic discovery, Plaintiff requests that the Court set a status conference at the Court's earliest convenience during which the parties will discuss with the Court the discovery schedule and HSHS's position that it need not engage in additional discovery at this time pending the Court's resolution of the outstanding motions.[1]

12. Plaintiff sent a copy of this motion to Defendants prior to filing and Defendants indicated they opposed the filing of this motion.

13. WHEREFORE Plaintiff respectfully requests that the Court convene a status conference to address the ongoing discovery issues and establish a revised case management schedule that reflects the current posture of discovery.

Dated: October 17, 2025

Respectfully submitted,

/s/ William J. Edelman
Gary M. Klinger (ARDC # 6303726)
William J. Edelman (ARDC #6332368)
**MILBERG COLEMAN BRYSON**
**PHILLIPS GROSSMAN, PLLC**
227 W. Monroe Street, Suite 2100
Chicago, Illinois 60606
Tel. 866.252.0878
gklinger@milberg.com
wedelman@milberg.com

---

[1] Plaintiff is aware that after the September 8, 2025, status conference, the Court has provided the following statement: "[t]he Court will contact the parties if a Status Conference is needed in the future." *See* September 8, 2025, Minute Entry. However, given the looming discovery deadline and Plaintiff's desire to avoid burdening the Court with additional discovery motions at this time, Plaintiff is requesting a status conference.

Michael A. Acciavatti
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
405 East 50th Street
New York, NY 10022
Tel: 212.594.5300
macciavatti@milberg.com

Zachary Arbitman
George Donnelly
**FELDMAN SHEPHERD WOHLGELERNTER TANNER WEINSTOCK & DODIG, LLP**
1845 Walnut Street, 21st Floor
Philadelphia, Pennsylvania 19103
Tel: 215.567.8300
zarbitman@feldmanshepherd.com
gdonnelly@feldmanshepherd.com

*Counsel for Plaintiff and Class*